UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHANTAY CHANDLER, individually and as next friend for her minor sons, B.J. and V.J., )<br>Plaintiffs, )<br> )<br>vs. )<br> )<br>CITY OF INDIANAPOLIS, OLIVER CLOUTHIER, in his individual and official capacity as an officer of the Indianapolis Metropolitan Police Department, DAVID CARNEY, in his individual and official capacity as an officer of the Indianapolis Metropolitan Police Department, JOSHUA SHAUGHNESSY, in his individual and official capacity as an officer of the Indianapolis Metropolitan Police Department, and JERRY PILAND, in his individual and official capacity as an officer of the Indianapolis Metropolitan Police Department,<br>Defendants. ) | 1:12-cv-00658-RLY-TAB |

**ENTRY ON MOTION TO INTERVENE AS PLAINTIFF**

Gino Romano ("Romano") files a *pro se* motion to intervene as a plaintiff in the above-captioned matter. Romano served Plaintiffs' counsel but failed to serve Defendants. No response has been filed. For the reasons set forth below, the court now **DENIES** Romano's motion.

I.     **Background**

Plaintiff, Shantay Chandler, individually and as next friend for her minor sons, B.J. and V.J. (collectively, "Plaintiffs"), brought this action against the City of

1

Indianapolis, Oliver Clouthier, David Carney, Joshua Shaughnessy, and Jerry Piland (with each person being sued in his individual and official capacity as an officer of the Indianapolis Metropolitan Police Department) (collectively, "Defendants"), to recover damages for alleged excessive force and false arrest of two minors.  Plaintiffs assert federal claims under section 1983 along with related state claims.

Romano alleges that he witnessed the alleged assault of a minor and filmed the incident on his I-phone.  Romano claims the police chased him to obtain the video but he was able to escape.  In addition, he alleges that he has since been threatened and harassed by the Defendants.  Romano now files this motion to intervene under Federal Rule of Civil Procedure 24(a)(2) and 24(b) in order to "tell [his] side of the story." [1]

## II.    Discussion

The court does not reach the merits of this motion as it fails procedurally in multiple ways.  First, Federal Rule of Civil Procedure 24(c) ("Rule 24(c)") states that a "motion to intervene must be served on the parties as provided in Rule 5."  In particular, Federal Rule of Procedure 5(a)(1)(D) states in relevant part, "each of the following papers must be served on every party: . . . a written motion, except one that may be heard ex parte."  In this case, a motion to intervene is a written motion and cannot be heard ex parte.  Thus, Romano must serve Plaintiffs and Defendants but failed to do so.  Though

---

[1] The court acknowledges that Romano is a *pro se* litigant, but that does not alter its analysis.  Indeed, "[t]he 'liberal construction' afforded the pleadings of pro se litigants cannot be used as a mechanism for avoiding federal rules of evidence and civil procedure."  *Schaefer v. Newton*, 868 F. Supp. 246, 250 n.2 (S.D. Ind. 1994); *see also Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) (holding "rules apply to uncounseled litigants and must be enforced").

he served Plaintiffs' counsel, Stephen M. Wagner, he failed to serve a single defendant. (Romano's Mot. to Intervene 2).  Accordingly, the motion must be denied.

Second, Rule 24(c) requires the motion to intervene to be "accompanied by a pleading that sets out the claim or defense for which intervention is sought."  Romano failed to submit the required pleading, and this too is fatal to his motion.  *See, e.g.*, *Shevlin v. Schewe*, 809 F.2d 447, 450 (7th Cir. 1987) (finding that Rule 24(c) is unambiguous in requiring a pleading to be filed with a motion to intervene); *Auto. Hardware Serv., Inc. v. Accubuilt, Inc.,* 1:08-cv-202, 2009 WL 57535, at *1, n. 2 (N.D. Ind. Jan. 8, 2009) (stating that "[i]gnoring the pleading requirement [of Rule 24(c)] and offering only a general assertion concerning why intervention should be allowed is a fatal mistake").

Finally, "[w]hether to permit a procedurally defective motion to intervene is within the sound discretion of the district court."  *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 595 (7th Cir. 1993).  However, Romano's failure to serve Defendants and to submit a pleading prevents the court from evaluating the merits of the motion because (1) Defendants did not have an opportunity to respond; and (2) the barebones motion does not provide much guidance, if any.  As a result, the court declines to evaluate the merits of Romano's motion.  *But see Liberty Surplus Ins., Corp. v. Tau Kappa Epsilon Fraternity-Mu Alpha Chapter*, 1:09-cv-1327, 2010 WL 2024631, at *3 (S.D. Ind. May 19, 2010) (holding that even though party failed to submit pleading with motion to intervene, the memorandum of law in support of the motion provided enough information for the court to evaluate the motion's merits).

3

### III.     Conclusion

Romano's motion to intervene as plaintiff (Docket # 5) is **DENIED WITHOUT**

**PREJUDICE** for failure to comply with Rule 24(c).  Romano may, if he chooses to do

so, serve and file a motion to intervene which complies with the Federal Rules of Civil

Procedure.

**SO ORDERED** this 2nd day of January 2013.

RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.